Curia per
Huger, J.
(sitting for Johnson, j.) The words of the policy on the vessel are, “lost or not lost' at and from Charleston to-Marseilles, and at and from, thence to Havana.’’ These words,' by themselves, do-not import that the vessel had or had not goods on board, nor do they imply that goods Were to be put on board. — - They express no other fact but the vessel’s being at Charleston and' about to sail, and such was the fact. She was at Charleston; nor do these words taken in connex-ion with any others in the policy, imply that she had not taken goods on board at Charleston. If the words to load had been inserted, the policy would not have attach-edürítil she did load; for however immaterial to the risk such a loading may have been, yet having been inserted in the warranty, it Would .have been regarded as a part of the contract; and therefore binding. But.neither the words to load nor any other equivalent word's are to be found in the policy. Had the construction contended for by the defendants been ever given to these words in any policy, (on a vessel aloiie) when iio question as to an average loss could arise,'it might have Been inferred that such was the intention of the parties to the policy in qúestion; but no such case has been produced. On the contrary, it does appear from the decision of this Court on the first appeal in this case, thát the construction contended for was not tenable. The Judge who delivered the opinion of the Courtof Appeals (then called the Consti- *515 vational Court,) and who had tried the case-on the Circuit, expressly stated that a new trial was ordered by the Court because they were not satisfied with the finding of the Jury on the question of misrepresentation. This would not have been done had the Court been satisfied that there was no breach of warranty. It is true the Court did not say it in so many words, that there was no breach of warranty, but what they did was equivalent thereto. Nor can it be supposed to have been overlooked by the counsel concerned, or neglected by the members of the Court. The argument reported negatives the first, and the opinion of the presiding Judge the last. I was present when the case was argued, and signed the opinion of the Court, and I feel confident that the case was regarded as turning entirely on the question whether the insurers knew, when the policy was signed, that the loading had been in the Havana. The Court were not satisfied that the evidence reported authorised the conclusion drawn by the Jury. It was therefore sent back for their reconsideration. On the second trial of the case I presided, A breach of the warranty was again insisted upon, as well as a misrepresentation. I then ruled that there had been no breach, and that the only question, was whether there had been a misrepresentation. Again a verdict was returned for the plaintiff, from which an appeal was again taken to this Court, on all the former grounds; and again this Court sent it back, because, in their opinion, there had been a misrepresentation. Not a word was said by the Court as to the warranty; on the contrary, the Judge says he will express no opinion on any grounds but the third. The third ground was “ because his Honour charged the Jury that they- had the privilege of judging from the newspapers and other evidence whether the Company knew that the voyage had commenced at the Havana.”
*516 On the llürd trial of this case, this ground (a breach of warranty) appears to have been abandoned. The Judge at least in his charge does not notice it, irom which I conclude that he regarded the question as settled. Such is now the opinion of this Court.
The second ground presents two questions for consideration.
1st. Was the loading at the Havana under existing circumstances a fact material to the risk ?
2nd. If so, was it necessary under the circumstances to communicate it to the underwriters ?
I feet some embarrassment in coming to any conclusion on the first of the questions. When I tried this case on the Circuit, I thought, and so stated to the Jury, that it was a question for their consideration. I am now informed that it was a question of law, for the decision of the Court. It is a question of law as well as of fact; but I cannot perceive how the law and the fact are to be separated. I think one cannot be resolved without the other. It is certainly for the Jury to decide whether Havana was a belligerent port — whether the John was loaded there' — -whether the South American privateers were prowling about — whether Spanish subjects alone could ship goods from the Havana according to the laws of Spain — and whether these laws are not so habitually and constantly violated as to afford no pretext for stopping goods shipped from the Havana, as Spanish property, in-opposition to all the other usual evidences of property, shewing them to be neutral. I am ready to admit that the Jury might set forth these facts in a special verdict, and leave the inference to the Court. But if they do not, how can the Court get at the facts from which an inference can be drawn? Put this ease — Though the Havana was a belligerent port, the laws of Spain did not prohibit foreigners residing there from shipping goods, and that *517 the war, in fact, was confined to the land. Would the law' infer a greater risk ? The law here is reason, and as the Court is more expert in deducing correct conclusions from admitted premises, the finding of the facts belongs to the Jury, and unless they'give them up, the Court cannot decide. The casus foederis has not occurred, and the verdict of the Jury is conclusive, unless the Court can see that it is against evidence,' or without evidence. Another difficulty here presents itself. How can we see that the Jury did not regard this fact as material, and that it was a question oí law? The fair presumption is, that they did their duty, and regarded the fact as material.
This brings me to the second question. If the jury regarded the loading at the Havana material to the risk, or if’this be the conclusion of the law from the facts adduced in evidence, was it necessary to state it in the offer, although the underwriters were acquainted with the fact ? This I regard as the only question of law left open for our consideration. It has been said at the Bar, that even this question had been decided.- But this is not the conclusion to which I have come. ■ In the judgment delivered by this Court on the first appeal, the case was ■sent back on no other ground thán that stated by the Judge, viz. that the Court weie not satisfied that the Jury were authorised by the facts to conclude, that the insurers knew of the loading in the Havana. On the second appeal the Court say, “ This is the second time this case has been before us. I shall (continues the Judge) express n.Q opinion on any of the grounds but the third, on which a new trial mijst be granted. On this ground a new trial was formerly granted and there has been no new.evidence given to vary the case.” If I am not wrong as to the first opinion which is reported and in which I concurred, the case was sent back a second time on the same ground, and no other points have ever been decided, but; *518 1st That there was no breach of warranty, and 2nd. That the Court thought the evidence from which the Jury inferred the fact that the defendants knew that the John had loaded at the Havana, was too slight' to support the verdict. If this be so, I am at liberty to regard this question as open. [ Is it necessary to communicate a fact to the underwriters which they'already know ? Facts are only required to be communicated to enable them to estimate the risk correctly. , If this could be done without the communication, the reason of the rule would cease, and with it the-rule itself. Hence an unimportant fact need not be communicated, nor a fact'which he ought to know, and for the same reason a fact which he does know.— This reasoning- is supported by Lord Mansfield, in the case of Carter vs. Boehm, 3 Burrows, 1910. His words are, “ There are many matters as to which the insured may be innocently silent — he need not mention what the underwriter, knows.” Again, “ An underwriter cannot insert that the policy is void, because the insured did not tell him what he already knew, what Way soever he came-to the knowledge.’^/
The questions of law are now disposed of. It remains to be decided how far this Court will interfere with the verdict on the ground that it is not, sufficiently supported by the evidence. This Court will always order a new trial where the verdict is against evidence, but where the evidence is slight and unsatisfactory, they will only interfere so far as may be necessary ío a fuller consideration by the Jury, They may have inadvertently done wrong, or may have been under the' influence of some passing feeling which has biassed their judgments.^- In the present case, the evidence does not appear to the Court as strong as it ought to have been, but it is always difficult to understand evidence at second hand. Three verdicts have now been rendered for the plaintiff, not against law, *519 'or without evidence or against evidence, but without suL ficient evidence in the opinion of this Court. We can 110 longer on this ground interfere without danger of establishing á rule at variance with a fundamental maxim of our law, Ad quaestionem legis respondent judiees, ad quaestionem facti respondent Juratores. The motion is therefore dismissed. ’ ■ JSfeiv trial refused.